UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNTAE TAYLOR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C. RELEVANTE, *et al.*,<br><br>　　　　Defendants. | Case No. 1:18-cv-00641-JDP<br><br>SCREENING ORDER<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO STATE A CLAIM<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE<br><br>ECF No. 1 |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's Complaint, filed May 10, 2018, is before the court for screening under 28 U.S.C. § 1915A. Plaintiff claims deliberate indifference to his serious medical needs, but his allegations are not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. Accordingly, we recommend that the complaint be dismissed without prejudice.

**I.　　STATEMENT OF FACTS[1]**

Plaintiff was incarcerated at Kern Valley State Prison ("KVSP") during the relevant

---

[1] We draw the following facts from plaintiff's complaint, ECF No. 1, and accept them as true for screening purposes.

1

timeframe. ECF No. 1 at 1. Defendants are physicians at KVSP. *Id.* at 2. Plaintiff arrived at KVSP from Corcoran State Prison on March 13, 2017. *Id.* at 7. At Corcoran, plaintiff had undergone pain management treatment for nerve damage in his foot. *Id.* Plaintiff underwent various medical tests, tried multiple treatments and medicines, and consulted with a podiatrist. *Id.* After nearly two years of unsuccessful pain management, plaintiff was prescribed gabapentin on December 13, 2016. *Id.* Plaintiff was also proscribed oxcarbazepine. *See id.* at 11.

On April 13, 2017, after plaintiff transferred to KVSP, his gabapentin prescription was discontinued. *See id.* at 8-9, 13. On April 17, 2017, "plaintiff saw primary care provider [defendant] Relevante" to have his prescriptions renewed. *Id.* at 9, 12.[2] Defendant Relevante did not review plaintiff's medical history from Corcoran, where he had tried other types of treatment for his foot pain. *Id.* Plaintiff attempted to explain that he had already gone through that process, but defendant Relevante "refused to listen." *Id.* at 10. Defendant Relevante "attempted to make [plaintiff] try other medications." *Id.* Defendant Relevante "briefly looked at both [of plaintiff's] feet" during the visit. *Id.* Plaintiff "became very upset" and "was by force drug out of the medical visit." *Id.* at 11. Plaintiff claims that "no alternative medication of equal management force was discussed," and that defendant Relevante falsely documented "that he offered oxcarbazepine and amitriptyline." *Id.* About a week later, plaintiff began to take nortriptyline. *Id.* at 11. About two months later, plaintiff stopped taking nortriptyline and resumed taking oxcarbazepine. *Id.* at 12. Plaintiff seeks to resume taking gabapentin or an equivalent medicine. *Id.* at 15.

On May 31, 2017, "plaintiff's left leg went out on him" because of his foot pain, and he fell. *Id.* at 13. The fall injured his lower back, which had been damaged previously. *Id.* On June 2, 2017, "plaintiff was sent to KVSP clinic triage center" and was given a walker that he used

---

[2] Plaintiff makes repeated references to exhibits but attached no exhibits to his complaint, making his complaint somewhat difficult to understand. Should plaintiff object to these findings and recommendations, he should include all documents that he wishes the court to consider. If plaintiff decides to file an amended complaint, the amended complaint will supersede the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and the amended complaint must be complete on its face without reference to the prior, superseded pleading, *see* E.D. Cal. Local Rule 220.

2

until September 14, 2017. *Id.* On June 6, 2017, defendant "Wang ordered plaintiff to undergo physical therapy." *Id.* Plaintiff "grew so very upset with yet another doctor's negligence and continued refusal to re-order his [medicine that] plaintiff attempted to attack the escorting corrections officer with his walker." *Id.* Plaintiff was not scheduled for physical therapy until January 2018. *Id.*

Plaintiff's medical appeals—seeking gabapentin—were denied at the first level of the appeal by defendant Ulrt. *Id.* at 14

## II. SCREENING AND PLEADING REQUIREMENTS

A district court is required to screen a prisoner's complaint that seeks relief against a governmental entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2). The court must construe an unrepresented litigant's complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The short and plain statement "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555 (internal quotation marks omitted)). The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679.

## III. DISCUSSION

Section 1983 allows a private citizen to sue for the deprivation of a right secured by

federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege the deprivation of a right secured by the U.S. Constitution and laws of the United States, and (2) show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

At the outset, we recognize that allegations of medical negligence are insufficient to state a claim for deliberate indifference to serious medical needs. *See Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002). Additionally, a difference of opinion concerning the judgment of treating medical professionals falls outside the scope of § 1983. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A deliberate indifference to serious medical needs claim consists of two parts: (1) a "serious medical need" demonstrated by a failure to treat a prisoner's medical condition that could result in further significant injury or the unnecessary and wanton infliction of pain; and (2) "deliberate indifference" —demonstrated by (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

Plaintiff sufficiently alleges a serious medical need because his foot condition causes him pain and was extensively evaluated for treatment. However, plaintiff has failed to allege deliberate indifference on the part of any defendant. Defendant Ulrt merely denied plaintiff's medical appeals at the first level. Plaintiff has failed to allege facts that, even liberally construed, could support a finding of deliberate indifference on the part of defendant Ulrt. *See Jett*, 439 F.3d at 1096.

Defendants Relevante and Wang each provided plaintiff with medical care and did not agree with plaintiff that the medicine gabapentin should be prescribed. A mere difference in medical opinion between a doctor and a prisoner is not enough to show medical deliberate

4

indifference in violation of the Eighth Amendment. *See Sanchez*, 891 F.2d at 242. Even if defendants were negligent, as plaintiff claims, medical negligence is not sufficient to state a claim. *See Clement*, 298 F.3d at 904. Plaintiff's allegations, liberally construed, do not demonstrate medical deliberate indifference. Therefore, plaintiff's complaint should be dismissed without prejudice.

**IV.     CONCLUSION**

The court has screened plaintiff's complaint and finds that it fails to state a cognizable claim against any defendant. Should plaintiff seek to amend the complaint,[3] the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what actions each named defendant took that deprived plaintiff of constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *See Jones*, 297 F.3d at 934. A short, concise statement in which the allegations are ordered chronologically will help the court identify his claims. Plaintiff should describe how each defendant wronged him, the circumstances surrounding each of the claimed violations, and any harm he suffered.

**V.      ORDER**

The clerk of court is directed to assign this case to a district judge who will review the findings and recommendations.

**VI.     RECOMMENDATIONS**

The undersigned has screened plaintiff's complaint and finds that plaintiff has failed to state a claim of medical deliberate indifference in violation of the Eighth Amendment against any defendant. We recommend that the court dismiss the case without prejudice.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the

---

[3] Plaintiff may not change the nature of this suit by adding new, unrelated claims or new, unrelated defendants in his amended complaint. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

5

findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   March 27, 2019                                  _____
                                                         UNITED STATES MAGISTRATE JUDGE

No. 204