# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNTAE TAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>C. RELEVANTE, *et al.*,<br><br>    Defendants. | Case No. 1:18-cv-00641-AWI-JDP<br><br>SCREENING ORDER<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO STATE A CLAIM<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF No. 16<br><br>ORDER VACATING PREVIOUS FINDINGS AND RECOMMENDATIONS SCREENING ORIGINAL COMPLAINT<br><br>ECF No. 10 |

    Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. On March 28, 2019, I screened plaintiff's complaint and recommended dismissal for failure to state a claim of medical deliberate indifference against defendants. ECF No. 10. In response, plaintiff filed an amended complaint. ECF No. 16. Therefore, I will vacate my previous findings and recommendations, ECF No. 10, screen plaintiff's first amended complaint, ECF No. 16, and enter new findings and recommendations herein. Plaintiff claims deliberate indifference to his serious medical needs, but his allegations are not sufficient to state a

1

constitutional deprivation under 42 U.S.C. § 1983. Accordingly, I recommend that the first amended complaint be dismissed for failure to state a claim.

**SCREENING AND PLEADING REQUIREMENTS**

A federal court is required to screen a prisoner's complaint that seeks relief against a governmental entity, officers, or employees. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), but may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief," *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**DISCUSSION**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To

state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017).

Allegations of medical negligence are insufficient to state a claim for deliberate indifference to serious medical needs. *See Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002). Additionally, a difference of opinion concerning the judgment of treating medical professionals falls outside of § 1983. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A deliberate indifference to serious medical needs claim consists of two parts: (1) a "serious medical need" demonstrated by a failure to treat a prisoner's medical condition that could result in further significant injury or the unnecessary and wanton infliction of pain; and (2) "deliberate indifference" —demonstrated by (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

Plaintiff sufficiently alleges[1] a serious medical need because his foot condition causes him pain and was extensively evaluated for treatment. However, plaintiff has failed to allege deliberate indifference on the part of any defendant. Defendants all attempted to assist plaintiff with his foot condition and provided him with medical care when requested. Plaintiff simply disagrees with their treatment of his condition, urging that he should have been prescribed gabapentin. A mere difference in medical opinion between a doctor and a prisoner is not enough to show medical deliberate indifference in violation of the Eighth Amendment. *See Sanchez*, 891 F.2d at 242. Even if defendants were negligent, as plaintiff claims, medical negligence is insufficient to state a claim. *See Clement*, 298 F.3d at 904. Plaintiff's allegations, liberally construed, do not demonstrate medical deliberate indifference. Therefore, plaintiff's first amended complaint should be dismissed for failure to state a claim.

**ORDER**

I vacate my March 28, 2019, findings and recommendations. ECF No. 10.

---

[1] I draw the facts herein from plaintiff's amended complaint, ECF No. 16, and accept them as true for screening purposes.

**FINDINGS AND RECOMMENDATIONS**

I have screened plaintiff's first amended complaint, ECF No. 16, and find that plaintiff has failed to state a claim and that further amendment would be futile. *See Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984). I recommend that the court dismiss this case for failure to state a claim.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: November 26, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 204.